**In re EAGLE–PICHER INDUSTRIES, INC., et al., Debtors.**

**No. 1–91–00100.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 8, 1992.

See also 139 B.R. 873.

Stephen Karotkin, Weil, Gotshal & Manges, New York City, for debtor.

Carolyn J. Buller, Squires, Sanders & Dempsey, Cleveland, Ohio, for Unsecured Creditors' Committee.

Kevin E. Irwin, Keating, Muething & Klekamp, Cincinnati, Ohio, for Injury Claimants' Committee.

Claude D. Montgomery, Varet Marcus & Fink, P.C., New York City, for Equity Sec. Holders' Committee.

James McMonagle, Chagrin Falls, Ohio, Future Claimants' Representative.

### DECISION ON MOTION OF FUTURE CLAIMANTS' REPRESENTATIVE FOR CLARIFICATION

BURTON PERLMAN, Chief Judge.

James J. McMonagle is the legal representative appointed by the Court in these cases to represent the interests of future personal injury and property damage claimants. We will refer to him hereafter as the FCR.

On October 31, 1991, we entered an order appointing the FCR. On November 25, 1991, we entered a further order defining who comprised the class of future claimants for purposes of these cases. In that order, we defined that class as follows:

Those persons or entities who have been exposed to or in the future will be exposed to asbestos or asbestos containing products mined, fabricated, manufactured, supplied or sold by debtors, who have been exposed to or in the future will be exposed to lead containing chemicals manufactured or supplied by debtors, or who have been exposed or in the future will be exposed to products containing silica manufactured or supplied by debtors, who as of the filing date of these bankruptcy cases, January 7, 1991, did not yet have a right to payment from debtors on account of such exposure, but had or will have such right thereafter.

Subsequently, on January 14, 1992, we entered Decision and Order on Motion to Set Bar Date holding that a bar date would be established for present asbestos claimants. Movant here calls into question certain language employed by the court in that decision:

This controversy deals with the rights of present asbestos claimants. In a prior writing, Order Defining Future Claimants entered November 25, 1991, we defined future claimants for purposes of fixing the constituency of the future

claims representative. Future claimants, of course, would not be affected by a bar date, for they are as a class inherently unknown and unknowable. Utilizing the same basis here to define the class of present asbestos claimants, the definition of claim to be found at 11 U.S.C. § 101(5), that we did in the said prior order, we hold that class to be:

> Those persons or entities who have been exposed to asbestos or asbestos containing products, mined, fabricated, supplied or sold by debtors who as of the filing date of these bankruptcy cases, January 7, 1991, had a right to payment from debtors on account of such exposure.

In a later order (Order on Motion of Future Claims Representative for Employment of Burke Rosen & Associates and objection thereto) entered March 4, 1992, we employed certain language which movant finds disturbing, that is, our reference to present claimants as those having "claims arising prior to the filing date", and future claimants as those whose "claims arise subsequent to the filing date."

It is the position of the FCR that the definition of future claimants which we have employed is unworkable. The reason that it is unworkable, says the FCR, is that it depends on the phrase "right to payment" which is a term intentionally left undefined in the Bankruptcy Code, though employed in 11 U.S.C. § 101(5)(A). It "will therefore be necessary to inquire for each claimant into the various state and federal tort rules which determine when the right to payment exists."

In addition to the just stated basis for the present motion, the FCR presents an additional basis. This is to be found in language of an opinion to his client employed by counsel for the FCR who has favored us with a copy of that opinion. Counsel said:

> Based upon our examinations, we believe that the formulation contained in the Order does not sufficiently define that class so as to allow a concrete determination of its members. It is impossible to ascertain exactly who are your potential clients.

The FCR proposes to replace the formulation which we have employed with the following:

> All persons or entities, as those terms are defined in the Bankruptcy Code, who have been or in the future will be exposed to or damaged by asbestos or asbestos-containing products mined, fabricated, manufactured, supplied or sold by Debtors, lead or lead-containing products mined, fabricated, manufactured, supplied or sold by Debtors, or silica or silica-containing products mined, fabricated, manufactured, supplied or sold by Debtors who have not asserted a claim against Debtors prior to the filing date of these bankruptcy cases, January 7, 1991.

> A claim shall be deemed to have been asserted in the context of all litigation or other appropriate legal action commenced in any administration or judicial forum, and any written demand against Debtors, including the delivery of any written response to questionnaires, requests or other informal claim forms delivered to Debtors, their agents or a court.

> The assertion of a claim, as defined above, shall not constitute a proof of claim, either formal or informal, under 11 U.S.C. § 501 and shall not be construed to constitute a consent to jurisdiction over such claim by the Bankruptcy Court or constitute a waiver of the claimants' rights to a jury trial.

In brief, the FCR proposes to replace our statute-based formulation defining the class he represents (which necessarily requires as well, a redefinition of the class of present claimants) with his entirely arbitrary formulation, the core of which is defining the future claimants class as consisting of those who have "asserted" a "claim," that is, in some fashion identified themselves. The FCR's grounds are that this will make for certainty, while our formulation will be difficult to work with because of its uncertainty.

The initiative of the FCR in this regard is ill-conceived. The FCR is not free, and the court is not free, to define the classes in these bankruptcy cases on the sole criterion of certainty. We see no point in making a definition of a bankruptcy class in a Chapter 11 case simply because it is convenient. There has to be some purpose from the point of view of bankruptcy for the definition of a class of creditors.

In the present cases, it was necessary to make an express statement of those comprising the class represented by the Injury Claimants' Committee ("ICC"). The members of this class will vote on the plan, and are subject to a bar date. We are told by the statute who is entitled to vote on the plan. Our definition was crafted on that basis.

In mass tort cases, in order to have a meaningful reorganization from which a viable entity emerges, it has come to be accepted that someone serve as a guardian, a representative of future claimants. That is the role of the FCR in this case. His constituency, as we have defined it, is those holding claims arising after the cutoff date for present claims, which we have stated to be the filing date of these bankruptcy cases, January 7, 1991.

We reiterate that the class represented by the FCR is unknown and unknowable, because he represents all of those people who at some time after the filing date of these bankruptcy cases will manifest an illness giving rise to a liability. It is true that some of the members of the class will, with the passage of time, become known, because we understand that new cases of illness deriving from asbestos occur every day and every year. In the main, however, future claimants are unknown, for they are those whose claims will arise in the future. If the FCR believes that he can only be effective if he knows the identity of the persons he represents, he misconceives his mission.

The FCR requests that we "clarify" the Bar Date Order by "explicitly rescinding that portion which states that Future Claimants are 'inherently unknown and unknowable'." We reject this request. There is nothing confusing about the language which we employed. We said that future claimants "are *as a class* inherently unknown and unknowable". Only if one does what the FCR has done, add the words "members of" before the words "the class", does the possibility of confusion arise.

We note finally that this untimely motion of the FCR has led to a difference of opinion between him and the ICC as to which of them represents those claimants whose identity has become known since January 7, 1991. The present formulation by the court moots this argument, for the date when claimants' identities becomes known does not determine whether they are present claimants. Though they may become known only after the filing date, they may still be present claimants, for their claim may have arisen prior to January 7, 1991.

Though we deny the present motion of the FCR, the discussion in connection with the motion does persuade us that our existing formulation of both present and future claimants should be amended. Particularly does the amendment have to do with making it clearer that we incorporate the statutory definition of claim into our definition. We thus replace "right to payment" with "having a claim as defined at 11 U.S.C. § 101(5)(A)." In addition, we delete the word "had" from the future claimants class definition. These respective classes will now be defined. In what follows deleted words are in parentheses, while added words are underlined:

Present Claimants:

Those persons or entities who have been exposed to asbestos or asbestos containing products, mined, fabricated, supplied or sold by debtors who as of the filing date of these bankruptcy cases, January 7, 1991, had a (right to payment from) claim as defined at 11 U.S.C. § 101(5)(A) against debtors on account of such exposure.

Future Claimants:

Those persons or entities who have been exposed to or in the future will be exposed to asbestos or asbestos containing

products mined, fabricated, manufactured, supplied or sold by debtors, who have been exposed to or in the future will be exposed to lead containing chemicals manufactured or supplied by debtors, or who have been exposed or in the future will be exposed to products containing silica manufactured or supplied by debtors, who as of the filing date of these bankruptcy cases, January 7, 1991, did not yet have a (right to payment from) claim as defined at 11 U.S.C. § 101(5)(A) against debtors on account of such exposure, but (had or) will have such right thereafter.

SO ORDERED.